**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE, )
)
)
v. ) Case ID No.: 1510007181
)
)
)
DOMINIQUE TISINGER, )
)
Defendant. )

## ORDER

Submitted: February 15, 2019
Decided: April 2, 2019

*Upon the Commissioner's Report and Recommendation that
Defendant's Motion for Postconviction Relief and
Motion for Default Judgment Should Be Denied,* **ADOPTED.**

Dominique Tisinger, Wilmington, Delaware. *Self-represented Defendant.*

Mark A Denney, Esquire and Erika R. Flaschner, Esq., Department of Justice,
Wilmington, Delaware. *Attorneys for the State.*

**MEDINILLA, J.**

**AND NOW TO WIT**, this 2nd day of April, 2019, upon consideration of Defendant Dominique Tisinger ("Defendant")'s September 25, 2017 Motion for Postconviction Relief, Defendant's October 10, 2018 Motion for Default Judgment, the Commissioner's February 1, 2019 Report and Recommendation on Defendant's Motion for Postconviction Relief and Motion for Default Judgment ("Commissioner's Report"),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. On June 7, 2016, in a non-jury trial, the Court found Defendant guilty of Possession of a Firearm by a Person Prohibited ("PFBPP"), Possession of Ammunition by a Person Prohibited ("PABPP"), Carrying a Concealed Deadly Weapon ("CCDW"), Resisting Arrest, and Attempted Escape Third Degree.[2]

2. Defendant was sentenced on October 7, 2016 to ten years at supervision Level V on the PFBPP offense.[3] For the other offenses, Defendant was sentenced

---

[1] Commissioner's Report and Recommendation, *State v. Tisinger*, ID No. 1510007181, D.I. 62 (Del. Super. Feb. 1, 2019).

[2] Although Defendant was convicted of Attempted Escape Third Degree, the State entered a *nolle prosequi* on this offense prior to sentencing.

[3] On the same day, Defendant was sentenced for violating his probation to an original charge of drug dealing plus an aggravated felony, which he references in his Motion. Defendant was sentenced to six months at supervision Level V. *See* Violation of Probation Sentence Order, *State v. Tisinger*, ID No. 1309007882, D.I. 16 (Del. Super. Oct. 7, 2016).

to supervision at Level IV and various levels of probation.[4] Defendant's sentences of confinement are to run consecutive.

3.     On September 15, 2016, this Court denied both Defendant's Motion for Judgment of Acquittal or Alternatively a New Trial and his request for an Evidentiary Hearing and Appointment of Counsel for Judgment of Acquittal.[5] On April 20, 2017, the Delaware Supreme Court dismissed Defendant's appeal as untimely.[6]

4.     Defendant filed this Motion for Postconviction Relief on September 25, 2017.[7] His motion was referred to a Superior Court Commissioner[8] for proposed findings of fact and conclusions of law, in accordance with 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62.[9] The Commissioner issued a briefing schedule

---

[4] Sentence Order, *State v. Tisinger*, ID No. 1510007181, D.I. 39 (Del. Super. Oct. 7, 2016). For CCDW, he was sentenced to eight years at supervision Level V, suspended for eight years at Level IV DOC discretion, suspended after six months at supervision Level IV, followed by probation. For PABPP Defendant was sentenced to five years at supervision Level V, suspended for two years at supervision Level III. For Resisting Arrest, Defendant was sentenced to one year and five days at supervision Level V, suspended for one year at supervision Level I.

[5] Order, *State v. Tisinger*, ID No. 1510007181, D.I. 38 (Del. Super. Sept. 15, 2016).

[6] *See Tisinger v. State*, 160 A.3d 1134, 2017 WL 1422624, at *1 (Del. Apr. 20, 2017) (TABLE).

[7] Motion for Postconviction Relief, *State v. Tisinger*, ID No. 1510007181, D.I. 46 (Del. Super. Sept. 25, 2017).

[8] During the time that this motion was pending, the Commissioner was appointed as a Judge in the Court of Common Pleas but sat by designation as a Commissioner of the Superior Court for purposes of this motion.

[9] *See* 10 *Del. C.* § 512(b)(1)(b); Super. Ct. Crim. R. 62(a)(5).

and received responses from Trial Counsel and the State by February 20, 2018.[10] The State's response was untimely. The Commissioner granted Defendant's request for an extension of time to file his reply.[11] On May 3, 2018, Defendant filed his Reply to the State's Response.[12] The Commissioner ordered additional briefing from both Trial Counsel and the State that extended certain briefing deadlines.[13] On October 10, 2018, Defendant filed a "Motion for Default Judgment" seeking relief due to the State's untimely filing of its Response and the supplemental filing from Trial Counsel.[14] The State and Trial Counsel filed amended responses by October 26, 2018.[15] Defendant filed his reply brief on November 5, 2018.[16]

---

[10] Trial Counsel's Response, *State v. Tisinger*, ID No. 1510007181, D.I. 50 (Del. Super. Dec. 12, 2017); State's Response, *State v. Tisinger*, ID No. 1510007181, D.I. 51 (Del. Super. Feb. 20, 2018).

[11] Letter to Mr. Tisinger, *State v. Tisinger*, ID No. 1510007181, D.I. 53 (Del. Super. Apr. 9, 2018)

[12] Defendant's Reply Br., *State v. Tisinger*, ID No. 1510007181, D.I. 54 (Del. Super. May 3, 2018).

[13] *See* Commissioner's Letter, *State v. Tisinger*, ID No. 1510007181, D.I. 55 (Del. Super. Aug. 28, 2018).

[14] Motion for Default Judgment, *State v. Tisinger*, ID No. 1510007181, D.I. 58 (Del. Super. Oct. 10, 2018). The record is clear that although Defendant takes issue with the timeliness of certain filings in this Motion, it was the Commissioner that requested Trial Counsel file an amended response and the State to file a sur-reply, thereby extending the deadlines to file the respective pleadings.

[15] Trial Counsel's Amended Response, *State v. Tisinger*, ID No. 1510007181, D.I. 57 (Del. Super. Oct. 3, 2018); State's Reply to Defense Counsel's Amended Response, *State v. Tisinger*, ID No. 1510007181, D.I. 59 (Del. Super. Oct. 26, 2018).

[16] Defendant's Second Reply Br., *State v. Tisinger*, ID No. 1510007181, D.I. 61 (Del. Super.

5. The Commissioner issued his Report and Recommendation on February 1, 2019, advising the Court to deny Defendant's Motion for Postconviction Relief, including Defendant's ineffective assistance of counsel claims, and to deny his Motion for Default Judgment.[17] Defendant did not file any objections to the Commissioner's Report.

6. Rule 62(a)(5) permits the Court to refer case-dispositive motions, including postconviction relief motions, to a Superior Court Commissioner for "proposed findings of fact and recommendations for the disposition, by a judge, of any such matter."[18] After the Commissioner issues her report, "any party may serve and file written objections" to the report within ten days.[19] A party failing to comply with this ten-day time limit for appeal may foreclose that party's ability to object to the Commissioner's report.[20]

7. Defendant has not filed any objections or appeal from the Commissioner's Report. The Court has undergone a careful review of Defendant's

---

Nov. 5, 2018).

[17] Commissioner's Report and Recommendation, *State v. Tisinger*, ID No. 1510007181, D.I. 62 (Del. Super. Feb. 1, 2019).

[18] Super. Ct. Crim. R. 62(a)(5).

[19] Super. Ct. Crim. R. 62(a)(5)(ii). Defendant failed to file any written objections to the Commissioner's Report.

[20] Super. Ct. Crim. R. 62(b).

Motion for Postconviction Relief, Defendant's Motion for Default Judgment, the Commissioner's Report, and the record. After this review, the Court adopts *in toto* the findings of fact and recommendations in the Commissioner's Report. For the reasons stated in the Commissioner's Report, Defendant's Motion for Postconviction Relief is **DENIED**, and Defendant's Motion for Default Judgment is **DENIED**.

Vivian L. Medinilla
Judge

oc:  Prothonotary
cc:  Defendant
     Cathy Johnson, Esquire
     Department of Justice
     Investigative Services Office